People v Ragoobar (2019 NY Slip Op 07291)





People v Ragoobar


2019 NY Slip Op 07291


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-12099
 (Ind. No. 2583/15)

[*1]The People of the State of New York, respondent,
v
Keron Ragoobar, appellant.


Paul Skip Laisure, New York, NY, for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano and Johnnette Traill of counsel; Victoria Randall on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Dorothy Chin Brandt, J.), imposed November 20, 2015, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal, conducted at the original plea proceeding on September 30, 2015, was invalid. The Supreme Court conflated the right to appeal with the right to be indicted by a grand jury (see People v Lall, 174 AD3d 740; People v Ortiz, 167 AD3d 658, 658; People v Steffens, 164 AD3d 616, 616), and failed to confirm that the defendant understood the nature of the right to appeal, and that the right to appeal is separate and distinct from the rights automatically forfeited upon a plea of guilty (see People v Baker, 174 AD3d 914, 915; see generally People v Bradshaw, 18 NY3d 257, 267; People v Lopez, 6 NY3d 248, 256-257). Accordingly, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Johnson, 157 AD3d 964, 965).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court