People v Wanzer (2019 NY Slip Op 08717)





People v Wanzer


2019 NY Slip Op 08717


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-11661
 (Ind. No. 8490/16)

[*1]The People of the State of New York, respondent,
v
George Wanzer, appellant.


Janet E. Sabel, New York, NY (Allen Fallek of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Camille O'Hara Gillespie of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Joanne D. Quinones, J.), imposed October 2, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid. The Supreme Court's statements at the plea allocution improperly suggested that the right to appeal is automatically extinguished upon the entry of a plea of guilty, and there is no indication in the record that the defendant was advised as to what appellate rights he was waiving (see People v Moyett, 7 NY3d 892, 892-893; People v Lopez, 6 NY3d 248, 257; People v Ragoobar, _____ AD3d _____, 2019 NY Slip Op 07291 [2d Dept 2019]; People v Guniss, 160 AD3d 895, 896).
Nevertheless, contrary to the defendant's contention, the period of postrelease supervision imposed as part of his sentence was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court